UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARY C. COSGROVE, | ) |
|       Plaintiff, | ) Cause No.: |
| vs. | ) |
| MARK PESEK | ) **JURY TRIAL DEMANDED** |
|       Defendant. | ) |

### COMPLAINT

COMES NOW Plaintiff, Mary C. Cosgrove, by and through her attorneys, Brown & Crouppen, P.C., and states as follows for her complaint against Defendant Mark Pesek:

### Preliminary Statement

1. This action seeks compensatory damages for acute injuries suffered by Plaintiff Mary C. Cosgrove on May 18, 2021, when her vehicle traveling northbound on N. Cosby Avenue was struck by a vehicle driven by Defendant Mark Pesek and traveling westbound on NW 64th Street that had disobeyed a red traffic signal and failed to yield the right of way to Plaintiff. At all times material hereto, North Cosby Avenue at or near the intersection of NW 64th Street, was, and is, an open and public roadway in Platte County, State of Missouri.

### Parties

2. Plaintiff, Mary C. Cosgrove, is a resident of Clay County, State of Missouri.

3. Defendant, Mark Pesek, is a resident of Johnson County, State of Kansas.

## Jurisdiction

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiff and the Defendant and the amount in controversy exceeds $75.000.00.

## Venue

5. Venue of this action properly lies in the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred within this district.

## COUNT I – NEGLIGENCE

6. Plaintiff suffered severe injuries when her vehicle traveling northbound on N. Cosby Avenue was struck by a vehicle traveling westbound on NW 64th Street that had disobeyed a red traffic signal and failed to yield the right of way to Plaintiff. The vehicle was being operated by Defendant Mark Pesek.

7. Defendant violated the electric traffic signal and drove into the side of Plaintiff's vehicle causing a collision between the two vehicles. This collision was the direct result of the negligence of Defendant in one or more of the following respects:

   a) Defendant was inattentive to the roadway;

   b) Defendant carelessly and negligently failed to yield the right-of-way;

   c) Defendant carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with Plaintiff's automobile;

   d) Defendant failed to control his vehicle;

   e) Defendant carelessly and negligently operated his vehicle at an excessive rate of speed under the circumstances then and there existing;

   f) Defendant failed to keep a careful lookout ahead; and/or,

g) Defendant carelessly and negligently operated his vehicle through an electronic signal. Specifically but not exclusively, Defendant failed to obey the traffic signal.

8. As a direct and proximate result of the negligence of Defendant in one or more of these respects, Plaintiff suffered injuries to the her head, neck, back and chest, including the aggravation of any pre-existing conditions.

9. As a direct and proximate result of Defendant's negligence, Plaintiff has been forced to seek and undergo extensive medical treatment and will continue to require medical care and attention in the future.

10. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered great pain of the mind and body to date and will continue to suffer great pain of mind and body into the future.

11. As a direct and proximate result of Defendant's negligence, Plaintiff has lost wages and benefits and will continue to lose wages and benefits in the future.

12. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered disability and will continue to suffer disability into the future.

13. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered the loss of the enjoyment of life, both past and future.

14. As a direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses and will continue to incur medical expenses in the future.

WHEREFORE, Plaintiff Mary C. Cosgrove requests that a judgment be entered against Defendant Mark Pesek in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and for her costs incurred herein and for such other and further relief as this Court deems appropriate and just under the circumstances.

BROWN & CROUPPEN, P.C.

BY: */s/ Joseph R. Hillebrand*
Joseph R. Hillebrand #43344
Stephen L. Bishop #71499
211 N. Broadway, Ste. 1600
St. Louis, MO 63102
(314) 421-0216
(314) 421-0359 (Fax)
joeh@getb.com
stephenb@getbc.com
pipleadings@getbc.com
ATTORNEYS FOR PLAINTIFF